CITIZENS AGAINST AMERICAN LANDFILL
EXPANSION et al., Appellants, et al.,

v.

KORLESKI, Dir., et al., Appellee (Three Cases).

[Cite as *Citizens Against Am. Landfill Expansion v. Korleski*, 180 Ohio App.3d 170, 2008-Ohio-6678.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 08AP–539, 08AP–540, 08AP–541, 08AP–542 and 08AP–543.

Decided Dec. 18, 2008.

D. David Altman Co., L.P.A., D. David Altman, Amy J. Leonard, and Justin D. Newman, for appellants.

Nancy H. Rogers, Attorney General, Nicholas J. Bryan, and Robert Kenneth James, for appellee Director of Environmental Protection Agency.

Frost Brown Todd, L.L.C., Terrence M. Fay, and Jeffrey G. Rupert; and Robert E. Leininger, for appellee American Landfill, Inc.

---

BRYANT, Judge.

{¶ 1} Appellants, Citizens Against American Landfill Expansion ("CAALE"), Jill VanVoorhis, CAALE President, Vivian Baier, CAALE Vice President, and Ann McCoy, CAALE Treasurer (collectively, "appellants"), appeal from a judgment of the Environmental Review Appeals Commission ("ERAC") granting the motion to compel of appellee, American Landfill, Inc. ("ALI"). Because ERAC erred in granting ALI's motion to compel, we reverse.

## I. Procedural History

{¶ 2} For purposes of this appeal, the parties do not dispute the procedural history giving rise to the narrow issue before us on appeal. In 1999, ALI filed with the director of the Ohio Environmental Protection Agency ("OEPA") an application for a solid-waste permit to install ("PTI"). In response to the application, CAALE in 2002 hired Bennett & Williams ("B & W"), an environmental-consulting firm, to review the permit application and to counsel CAALE in addressing any deficiencies in the application as well as in preparing for any resulting litigation.

{¶ 3} Before determining whether to issue the requested PTI, the director held a series of informal public hearings during which any member of the public was permitted to voice an opinion or comment regarding the permit application. In its role as a consulting expert for CAALE, B & W submitted an expert report, with supporting documents, and an oral presentation during the comment period to address ALI's permit application. The director, however, conducted no adjudicatory hearing and no testimony was taken.

{¶ 4} On July 20, 2006, the director of OEPA issued solid-waste PTI # 02–12954 to ALI, as well as an accompanying air PTI # 15–01601. CAALE appealed to ERAC, contending that the decision was not in accordance with applicable laws and lacked a valid factual foundation. Discovery ensued.

{¶ 5} Specifically, in October 2006, ALI served discovery requests on CAALE seeking both answers to interrogatories and documents. In responding, CAALE produced what it deemed to be nonprivileged information from B & W that was responsive to ALI's request. CAALE, however, admittedly withheld "non-testifying expert documents, the work-product of CAALE and its representatives, and attorney-client privileged materials."

{¶ 6} Unsatisfied with CAALE's response, ALI on December 11, 2007, filed a motion for subpoena duces tecum to be issued to B & W; ERAC issued the subpoena the following day. CAALE responded on December 21, 2007, with a motion to quash the subpoena because it sought "production of material protected from disclosure by the attorney-client privilege, the work-product doctrine, and Civ.R. Rule 26(B)(5)(a)." CAALE contended that the documents that were the subject of the subpoena were outside the scope of Ohio Adm.Code 3746–6–01(A)(2) and the subpoena in any event was unnecessary since CAALE had produced all nonprivileged, responsive documents.

{¶ 7} On January 3, 2008, ERAC denied CAALE's motion to quash but stated that "[n]othing in the Commission's ruling should be construed to authorize a party to obtain any information protected by any privilege recognized by law or to authorize any person to disclose such information." As a result, B & W produced documents that, in its estimation, were not privileged or otherwise protected. In support, CAALE on March 3, 2008, produced a "privilege log" identifying the withheld documents and the applicable privilege.

{¶ 8} ALI responded with an April 17, 2008 motion to compel production of the documents identified on the "privilege log." ALI claimed that since B & W provided comments during the public-hearing process on the permit applications, B & W was a testifying expert under Ohio Adm.Code 3746–6–01(A)(3) subject to the discovery requests that B & W had propounded. The matter ultimately was heard on oral argument before ERAC on May 7, 2008. ERAC issued a decision

on May 29, 2008, granting ALI's motion to compel. CAALE appeals, assigning four errors:

FIRST ASSIGNMENT OF ERROR

The Ohio Environmental Review Appeals Commission (the "Commission" or "ERAC") erred in its May 29, 2008 Ruling by ordering the production of privileged and protected documents from Appellants' ("CAALE") *litigation consultant* Bennett & Williams, despite the fact that: (a) Bennett & Williams will not testify as an expert at the hearing before the Commission and (b) all information concerning Bennett & Williams' public comments concerning American Landfill, Inc.'s ("ALI") permit applications has been provided to ALI in discovery. Thus, the Ruling is not supported by reliable, probative, and substantial evidence and is not [in] accordance with law, including Ohio Adm.Code 3746–6–01(A)(3) and Civ.R. 26(B)(5)(a).

SECOND ASSIGNMENT OF ERROR

The Commission erred by not providing a factual or legal rationale for the segment of the May 29, 2008 Ruling that orders the production of CAALE's privileged and protected documents and, thus, the Ruling is not supported by reliable, probative, and substantial evidence and is not [in] accordance with law.

THIRD ASSIGNMENT OF ERROR

The Commission erred in its May 29, 2008 Ruling by ordering the production of documents protected from disclosure by the work-product doctrine and, thus, the Ruling is not supported by reliable, probative, and substantial evidence and is not [in] accordance with law.

FOURTH ASSIGNMENT OF ERROR

The Commission erred in its May 29, 2008 Ruling by ordering the production of documents protected from disclosure by the attorney-client privilege and, thus, the Ruling is not supported by reliable, probative, and substantial evidence and is not [in] accordance with law.

## II. Discovery of Nontestifying Expert Witness's Opinion

{¶ 9} Preliminarily, we note that the parties agree on this court's standard of review. Pursuant to R.C. 3745.06, this court is to affirm the order of ERAC if we find "upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." Because CAALE's four assignments of error raise legal issues, we determine whether ERAC's order is in accordance with law.

{¶ 10} Ohio Adm.Code Chapter 3746–6 sets forth the discovery and prehearing procedures for ERAC. Ohio Adm.Code 3746–6–01(A) defines the scope of discov-

ery. As a general proposition, Ohio Adm.Code 3746–6–01(A)(2) provides that "any party to an appeal may discover any matter, not privileged, which is relevant to the subject matter of the appeal." Similar to Civ.R. 26, Ohio Adm.Code 3746–6–01(A)(2) further provides that "[i]t is not grounds for objection that the information sought would be inadmissible at the hearing, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Cf. Civ.R. 26(B)(1).

{¶ 11} While neither party disputes the general proposition set forth in Ohio Adm.Code 3746–6–01(A)(2), they dispute application of Ohio Adm.Code 3746–6–01(A)(3), which provides that "[a]ny party may require any other party to identify each expert witness expected to testify at the hearing and to state the subject matter on which the expert is expected to testify." The rule further states that "any party may discover from the expert, or other party, facts or data known, or opinions held by the expert which are relevant to the stated subject matter." Id.

{¶ 12} In applying Ohio Adm.Code 3746–6–01(A)(3), CAALE contends that B & W was retained to assist it in reviewing the PTI application ALI had filed and to assist CAALE in preparing for litigation if the PTI was issued. CAALE emphasizes that B & W will not be a testifying expert at the hearing before ERAC. Since B & W is not going to testify before ERAC, CAALE contends that Ohio Adm.Code 3746–6–01(A)(3) does not apply and ERAC therefore erred in requiring CAALE and B & W to produce information that only an expert testifying at the hearing would be required to produce.

{¶ 13} ALI does not entirely disagree. ALI concedes that "[i]f B & W is a deemed non-testifying expert, ALI agrees that the documents at issue are not subject to production." The disagreement arises in that ALI asserts that B & W is a testifying expert, making ERAC's decision in accordance with the provisions of Ohio Adm.Code 3746–6–01(A)(3).

{¶ 14} Oral argument in this appeal clarified the respective positions of CAALE and ALI. ALI acknowledges that CAALE does not intend to, and will not, call B & W as a witness at the hearing before ERAC. Instead, ALI contends that B & W's expert report and supporting documents, as well as its oral comments, that were submitted during the public hearing are part of the director's record. Because they are, ALI asserts that they are submitted to ERAC as part of the certified record in CAALE's appeal to ERAC. ALI understandably contends that if ERAC will be able to consider and premise its decision on the materials B & W submitted during the public-hearing process, then B & W should be deemed a testifying expert subject to the discovery allowed under Ohio Adm.Code 3746–6–01(A)(3).

{¶ 15} The very narrow issue, then, is whether the director's certified record is evidence before ERAC on which ERAC may premise its decision resolving

CAALE's appeal of the director's action in issuing two PTIs to ALI. The parties do not dispute that the seminal case in resolving the issue is this court's decision in *Jackson Cty. Environmental Commt. v. Shank* (Dec. 10, 1991), Franklin App. No. 91AP–57, 1991 WL 268325.

{¶ 16} In *Jackson Cty.,* Mead Corporation filed an application for renewal of the director's approval for a sludge-management plan. As here, no adjudication hearing was conducted; instead the director of OEPA approved the renewal after conducting "an investigation and review and public hearings upon the question." Agnes Martin and the Jackson County Environmental Committee appealed to the Environmental Board of Review ("EBR"), now called ERAC. At the scheduled hearing before the EBR, Martin appeared and offered certain exhibits into evidence, but the EBR refused to accept them. When Martin offered no further evidence, the director moved to dismiss the appeal for Martin's failure to present a prima facie case showing the director's action to be unreasonable; the EBR granted the motion.

{¶ 17} In addressing the issue pertinent to the present appeal, this court noted that the parties, as well as the EBR, "were under a misapprehension as to the nature of the proceeding." In particular, the court pointed to "repeated references to a record and to matters which had been before the director, even though no such matters were offered or admitted into evidence." As the court observed, "[A]ll parties assume that there is no distinction as to the record of the director between an appeal where the director has conducted an adjudication hearing and an appeal in a case where the director has not conducted an adjudication hearing."

{¶ 18} Dispelling that notion, the court noted that former R.C. 3745.05 provides that "if an adjudication hearing was conducted by the director of environmental protection * * * the board is confined to the record as certified to it by the director." If, however, *"no adjudication hearing was conducted in accordance with sections 119.09 and 119.10 of the Revised Code, the board shall conduct a hearing de novo on the appeal."* (Emphasis sic.) See R.C. 3745.05 (maintaining substantially the same language with modification to acknowledge appeal to ERAC rather than the EBR).

{¶ 19} Applying former R.C. 3745.05, the court stated that "[w]here there has been no adjudication hearing by the director, the hearing before the EBR is de novo." As a result, "unless evidence is adduced before the board, there is no evidence to be considered by that board. The 'evidence' considered by the director is not before the board and is not evidence adduced at the de novo hearing unless placed in evidence before the board in some fashion."

{¶ 20} Although acknowledging that the director certified the record to the EBR, the court stated that the certified record "does not constitute evidence

unless there was an adjudication hearing." Thus, "[w]here there has been no adjudication hearing before the director, there of course will be no testimony and no transcript of testimony for consideration by the board. For this reason, and from the very nature of a de novo hearing, all evidence must be actually adduced before the board if it is to be considered by the board in determining the appeal." Because "there was no adjudication hearing and, therefore, no evidence adduced, before the director," but only informal public hearings, the record the director certified did not constitute evidence at the de novo hearing unless "in some fashion they are placed in evidence at that hearing."

{¶ 21} Aware that the EBR may consider the director's certified record, this court emphasized that "where the director has not conducted an adjudication hearing, the consideration must be limited to *evidence* before the director, not merely statements, suggestions, and arguments or even unauthenticated papers and correspondence." (Emphasis sic.) Pointing out that the rules of evidence are not strictly adhered to in administrative hearings, the court nonetheless stated that "at least the decision must be predicated upon testimony of witnesses who are sworn and papers or documents properly authenticated in some fashion." Applying those principles to the facts before it, the court determined that because no evidence was adduced at the de novo hearing before the EBR, "any finding of the EBR cannot be found by this court to be supported by reliable, probative, and substantial evidence."

{¶ 22} To that point in the opinion, the court had definitively set forth the principle that the director's certified record arising out of informal public hearings and comment period, but not out of an adjudicatory hearing, does not constitute evidence before ERAC unless the parties submit it as evidence. While the court noted an exception when the director's certified record contains actual evidence, such is not the case here. With that premise, both parties here agree that ERAC cannot premise its decision in any way on B & W's comments submitted during the public-hearing period and contained in the director's certified record, unless those comments are offered into evidence at the de novo hearing before ERAC. Since CAALE has firmly indicated that it will not do so, *Jackson Cty.,* applied to the facts before us, requires that B & W be deemed a nontestifying witness not subject to discovery under Ohio Adm.Code 3746-6-01(A)(3).

{¶ 23} The uncertainty arises out of the next paragraph in this court's opinion in *Jackson Cty.,* stating that "[t]his does not mean, of course, that the EBR cannot look at the director's record in considering the appeal, it merely means that the decision of the board cannot be predicated *solely* upon the director's record nor even upon the contents except to the extent, if any, there is evidence therein which is proper, by stipulation or otherwise, for the board to consider

upon a *de novo* hearing." (Emphasis added.) Oral argument disclosed that the court's use of "solely" in *Jackson Cty.*, coupled with the court's statement that the parties may stipulate all or part of the director's record into evidence, has given rise to ERAC's admitting of the entirety of the director's certified record sua sponte and then considering it as evidence before ERAC in its de novo consideration of the director's decision.

{¶ 24} Two factors compel us to conclude that ERAC's practice is inconsistent with *Jackson Cty.* Initially, *Jackson Cty.* appears to use the term "solely" because those were the facts of the case: the appellant presented no evidence before the EBR, meaning the director's certified record was the sole matter the EBR had before it. Accordingly, any decision would have been based "solely" on the director's certified record. In resolving the appeal, *Jackson Cty.* naturally referred to that factual circumstance.

{¶ 25} Secondly, *Jackson Cty.* goes on to say that the certified record serves a purpose in that it affords the "EBR the predicate for knowing the nature of the application and the basis of the director's granting or denying it." It thus provides a procedural history for the matter before ERAC but provides no evidence for ERAC unless it contains "not merely statements, suggestions, and arguments or even unauthenticated papers and correspondence" but "testimony of witnesses who are sworn and papers or documents properly authenticated in some fashion."

{¶ 26} Because such evidence does not exist in the director's certified record in the appeal before us, ERAC may not predicate its decision on the matter contained in the director's certified record unless the parties so stipulate. Should one of the parties seek to admit the record, opposing counsel will have the opportunity to argue whether the record contains evidence properly admitted in a de novo hearing before ERAC. Where, as here, the director's certified record contains no evidence, no stipulation exists to admit the director's certified record as evidence before ERAC, and CAALE has stated firmly that it will not call B & W as a witness in the de novo hearing before ERAC, Ohio Adm.Code 3746-6-01(A)(3) does not apply. ERAC erred in granting ALI's motion to compel.

{¶ 27} Given the foregoing, we sustain CAALE's first assignment of error, rendering moot its remaining assignments of error. We reverse the judgment of ERAC and remand for further proceedings consistent with this opinion.

Judgments reversed
and causes remanded.

BROWN and KLATT, JJ., concur.